DECISION
Plaintiffs appeal Defendant's denial of a charitable contribution deduction for tax years 2001 and 2002. This issue is before the court on Defendant's Motion for Summary Judgment, filed November 16, 2007. The parties filed a statement of Stipulated Facts (corrected) on November 9, 2007. The parties did not request oral argument. This matter is now ready for decision.
 I. STATEMENT OF FACTS
In 2000, Plaintiffs owned a parcel of land and a stick-built house on property located at 24607 Wolf Creek Road, Veneta, Oregon. (Stip Facts 1, 2.) Plaintiffs decided to replace the stick-built house with a manufactured home. (Stip Fact 3.) Plaintiffs were advised of county regulations stating that the placement of a manufactured home on the property required the stick-built house to "be removed, converted into a shop, or converted into another, `non-dwelling' type of structure." (Stip Fact 9.) Plaintiffs decided to donate the stick-built house to Lane County Fire District #1 for a "training burn." (Stip Facts 11, 13.) On or about September 2001, the house was burned. (Stip Fact 15.)
Plaintiffs filed their 2001 state income tax return, claiming a charitable deduction in the amount of $49,500. (Stip Fact 19.) The claimed deduction was split between tax years 2001 *Page 2 
($19,667) and 2002 ($29,833). (Id.) Defendant audited Plaintiffs' 2001 tax return. (Stip Fact 18.) Defendant disallowed the claimed deduction for the following reasons: Internal Revenue Service Form 8283, Parts III and IV were not properly completed and an appraisal of the donated property was not submitted. (Stip Fact 20; Ex D 2 of 2.)
Plaintiffs state that their tax preparer did not advise them that an appraisal was required. (Stip Fact 12.) Plaintiffs offered a "refinancing appraisal" prepared as of November 27, 2000, which was secured for the "purpose of purchasing and placing a manufactured home on the property * * *. This appraisal is based upon the assumption that the manufactured home was on the property and the subject home was not." (Stip Facts 4, 5; Ex A.) In addition, Plaintiffs contracted with Steven Smith (Smith), one of the two individuals who prepared the refinancing appraisal to prepare an appraisal of the stick-built house. (Stip Facts 6, 23.) Smith's appraisal of the stick-built home as of July 6, 2001, was prepared on June 16, 2006, and submitted to Defendant on March 16, 2007. (Stip Fact 23; Ex F.)
Defendant requests that the court grant its Motion for Summary Judgment because Plaintiffs failed to "comply with Internal Revenue Code (IRC) section 170(a)(1) and Treasury Regulation (Treas Reg) section 1.170A-13(c), which govern allowable deductions for charitable contributions exceeding $5,000." (Def's Brief in Support of Def's Mot for Summ J at 1.) Plaintiffs request that Defendant's Motion be denied because "[t]here is a material fact that is at issue in this case," specifically the relevance of "the condition of the interior of the subject house * * * to the value conclusion reached by Mr. Smith." (Ptfs' Resp to Def's Mot for Summ J at 1.) Plaintiffs also allege "that the subject deduction should be allowed under the doctrine of substantial compliance as set forth by this court in Gradin v.Department of Revenue (TC-MD 050026C)." (Id. at 4.) *Page 3 
 II. ANALYSIS
Defendant's Motion for Summary Judgment (Motion) is made under Tax Court Rule 47(C) which states:
 "The court shall enter judgment for the moving party if the pleadings, depositions, affidavits, declarations and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment. The adverse party has the burden of producing evidence on any issue raised in the motions as to which the adverse party would have the burden of persuasion at trial."
The court's review of the material facts occurs in the context of the governing law.
A. Internal Revenue Code (IRC) section 170(a)(1) and TreasuryRegulation section 1.170A-13(c)
Defendant's Motion alleges that Plaintiffs failed to comply with IRC section 170(a)(1) and Treasury Regulation section 1.170A-13(c). IRC section 170(a)(1) states that:
 "There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary."[1]
(Emphasis added.)
The applicable regulations are 1.170A-13(c). Treas. Reg. section 1.170A-13(c)(1) requires substantiation of contributions exceeding $5,000. The substantiation requirements set forth in Treas. Reg. section 1.170A-13(c)(2)(i) provide that "a donor who claims or reports a deduction with respect to a charitable contribution to which this paragraph (c) applies must comply with the following three requirements: *Page 4 
 "(A) Obtain a qualified appraisal (as defined in paragraph (c)(3) of this section) * * *.
 "(B) Attach a fully completed appraisal summary (as defined in paragraph (c)(4) of this section) to the tax return * * * on which the deduction for the contribution is first claimed (or reported) by the donor.
 "(C) Maintain records containing the information required by paragraph (b)(2)(ii) of this section."
(Emphasis added.)
"Qualified appraisal" is defined in Treas. Reg. section 1.170A-13(c)(3)(i) as "an appraisal document that:
 "(A) Relates to an appraisal that is made not earlier than 60 days prior to the date of contribution of the appraised property nor later than the date specified in
 paragraph (c)(3)(iv)(B) of this section [the due date of the return on which the deduction is first claimed];
 "(B) Is prepared, signed, and dated by a qualified appraiser (within the meaning of paragraph (c)(5) of this section);
 "(C) Includes the information required by paragraph (c)(3)(ii) of this section; and
 "(D) Does not involve an appraisal fee prohibited by paragraph (c)(6) of this section."
(Emphasis added.)
The United States (U.S.) Tax Court concluded "that the reporting requirements of section 1.70A-13, Income Tax Regs.," * * * were "directory and not mandatory," and therefore that those requirements could be met by "substantial compliance." Bond v. Commissioner,100 TC 32, 41 (1993). In a subsequent case, the U.S. Tax Court clarified substantial compliance in Bond: "In this connection we note that theappraisal requirements may not be entirely procedural so as to justifythe application of the substantial compliance rules under any and allcircumstances." Hewitt v. CIR, 109 TC 258, 263-64 (1997), aff'd
166 F3d 332 (1998) (emphasis added). *Page 5 
The U. S. Tax Court stated that it found "nothing in Bond v.Commissioner, supra, which relieves petitioners of the requirement of obtaining a qualified appraisal. Such a requirement is statutorily imposed by section 155(a)(1)(A) * * * [of the Tax Reform Act of 1984 Pub.L. No. 98-369, § 155, 98 Stat. 494, 691 (1984)]." (Id.) In its review of Hewitt, the 4th Circuit Court of Appeals concluded that "Bond does not suggest that a taxpayer who completely fails to observe the appraisal regulations has substantially complied with them." Hewitt v. Comm'r, 166 F3d 332, WL 802042 at 3, 4 (4th Cir 1998) (unpub'd op).
In the matter before the court, the parties stipulate that an appraisal of the stick-built house, which was claimed by Plaintiffs as the charitable contribution in tax year 2001, was not prepared until June 16, 2006. (Stip Fact 23.) June 16, 2006, is a date more than four years beyond the due date of Plaintiffs' 2001 tax return. There is no evidence stating that a summary of an appraisal was submitted with the filed federal income tax returns. Plaintiffs failed to comply with at least one (Treas. Reg. § 1.170A-13(c)(2)(i)(A)) of the three requirements that the appraisal be obtained and prepared not later than the due date of the return on which the deduction is first claimed.
B. Substantial Compliance
Even though Plaintiffs failed to comply with the appraisal requirement, Plaintiffs allege "that the subject deduction should be allowed under the doctrine of substantial compliance as set forth by this court in Gradin v. Department of Revenue (Gradin) (TC-MD 050026C)." (Ptfs' Resp to Def's Mot of Summ J at 4.) Plaintiffs interpretGradin to allow "relief under the Substantial Compliance doctrine" if there was "(1) an actual inspection of the property by a qualified appraiser." (Id.) In Gradin, this court acknowledged the U.S. Tax Court's holdings that "the appraisal requirement is mandatory" and held that plaintiffs were not "entitled to the disputed *Page 6 
section 170(a)(1) non-cash contribution deduction, because they failed to obtain a qualified appraisal and did not substantially comply with the regulations." Gradin, WL3047248 at *7 (Nov. 10, 2005). The court did not hold that "an actual inspection of the property by a qualified appraiser" can substitute for an appraisal report made within the required time periods.
In Bond, the U.S. Tax Court concluded that the taxpayers substantially complied with the applicable regulations because they hired an appraiser who appraised the property, but failed to properly complete the required form (Form 8283) and attach an appraisal or appraisal summary. In subsequent cases, the U.S. Tax Court held that substantial compliance does not occur when an appraisal is not obtained or an appraisal is secured from an unqualified appraiser. See Hewitt, 109 TC 258;D'Archangelo v. Comm'r, 68 TCM (CCH) 1223 (1994) (holding lack of substantial compliance because appraisal report incomplete and appraiser unqualified). Plaintiffs' situation is less like the taxpayers inBond and more like the taxpayers in Hewitt and D'Archangelo. Plaintiffs did not complete Form 8283. They failed to substantially comply with the appraisal requirement because an appraisal was not completed within the required time period, and an appraisal report or summary was not attached to their tax return.
Plaintiffs allege Gradin holds that relief can be granted under the substantial compliance doctrine if taxpayers have a "good excuse for failure to comply." (Ptfs' Resp to Def's Mot for Summ J at 4.) The parties stipulate that Plaintiffs' returns were prepared by a licensed tax consultant and Plaintiffs "relied completely upon the advice of a Licensed Tax Consultant, both before and after the donation was made." (Id. at 5, citing Stip Facts 11, 12, 17.) Plaintiffs argue that their situation is similar to that of Roger B. Fair and Gail K. Fair, where the U.S. Tax Court "held that reliance upon the advice of this tax preparer was reasonable under the circumstances *Page 7 
and the [charitable] deduction was allowed." (Id. at 3, citing Fair v.Comm'r (Fair), TC Memo 1993-377.) While the facts of Fair and the case before the court are similar because taxpayers relied on the advice of professional tax preparers, there is one significant difference. InFair, the applicable regulation, 1.170A-13(b)(3)(ii), stated that "[i]f a taxpayer has reasonable cause for not being able to provide such information [cost basis], the taxpayer shall not be disallowed a charitable contribution deduction under section 170 for failure to comply with paragraph (b)(3)(i)(A) and (B) of the section." (Id.) With respect to the requirements set forth in Treas. Reg. 1.170A-13(c), there is no "reasonable cause" provision that can excuse Plaintiffs failure to obtain an appraisal report.
The parties agree that the stick-built house was donated to the Lane County Fire District. The issue is substantiation of the amount claimed as a charitable deduction, not whether Plaintiffs gave the stick-built house to the Lane County Fire District. In 1984, Congress decided to "impose stricter appraisal requirements on gifts to charities that generally exceed $5,000," and gave Treasury the power to promulgate substantiation requirements. Statements by Legislative Leaders, Deficit Reduction Act of 1984, Conference Report on HR 4170, June 27, 1984, Summary of Conference Decisions, Charitable Deduction Provisions (statement of Hon. Robert J. Dole, Chairman of the Senate Committee on Finance), 1984 USCCAN 2140, WL 37402 at * 2166 (1984). In the House Report for the Deficit Reduction Act of 1984, the conference agreement stated that "no deduction is allowed for a contribution of property for which an appraisal is required under the conference agreementunless the appraisal requirements are satisfied." HR Conf. Rep. No. 98-861, at 995 (1984) (emphasis added). Further, the conferees stated that" the treasury has authority under section 170(A)(1) to specify by regulations the manner in which charitable contributions must be substantiated in order to be deductible." Id. at *Page 8 
999 (emphasis added). The requirements are clearly set forth in the regulations. Subsequent case law holds that the appraisal requirement must be met in order for the claimed deduction to be allowed. Failure to obtain a qualified appraisal results in a disallowance of the claimed charitable deduction.
Substantiation of Plaintiffs' claimed charitable contribution of property requires that the appraisal requirement be satisfied. Unfortunately, Plaintiffs did not obtain a qualified appraisal within the specified time period. They failed to satisfy the requirements and, therefore, their claimed charitable deduction cannot be allowed. The relief Plaintiffs are seeking, waiver of the appraisal requirement, cannot be granted by this court.
C. Material Fact
Plaintiffs allege that "[t]here is a material fact that is at issue in this case," specifically the relevance of "the condition of the interior of the subject house * * * to the value conclusion reached by Mr. Smith." (Ptfs' Resp to Def's Mot for Summ J at 1.) The "relevance of" the interior of Plaintiffs' property in June 2006, "is a material fact that is at issue" if the court was determining the allowable amount of the claimed contribution, which it is not.
The parties do not dispute the material facts related to the substantiation issue before the court. Because the appraisal was not completed within the time limits set forth in the regulation, the court cannot reach the value issue. Plaintiffs' failure to comply with the substantiation regulation signals the end of the court's review.
 III. CONCLUSION
After considering the stipulated facts in the light most favorable to Plaintiffs, the nonmoving parties, the court concludes that as a matter of law Plaintiffs have not presented evidence showing that they complied with Internal Revenue Code section 170(a)(1) and the *Page 9 
substantiation regulation, Treasury Regulation section 1.170A-13(c). Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment is granted.
Dated this _____ day of February 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill Tanner onFebruary 15, 2008. The Court filed and entered this document on February15, 2008.
[1] Unless otherwise noted, all references to the Internal Revenue Code and Treasury Regulations are to year 2002. There were no changes to IRC section 170(a)(1) and Treas. Reg. section 1.170A-13(c) for tax year 2003. *Page 1